IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **HENRY SMITH,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:13-CV-0092-L (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **STAYED** so that the petitioner may exhaust his state court remedies.

**I. BACKGROUND**

On January 8, 2013, Henry Smith (Petitioner) filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his 2005 state court conviction for possession of a controlled substance in Kaufman County, for which he was sentenced to twenty-four months' confinement. (Petition "Pet." at 2).[1] His petition raises several claims attacking the constitutionality of his conviction and the effectiveness of counsel. (Pet. at 6-18). Petitioner acknowledges in his federal petition that he has a pending state habeas application, filed on April 15, 2011, that has still not been ruled on by the trial court or the Texas Court of Criminal Appeals. (Pet. at 4).[2]

---

[1] Petitioner was incarcerated at the time he filed this habeas petition. (Pet. at 1). He was released from custody a few weeks later. (*See* doc. 5).

[2] Petitioner has filed two previous federal habeas petitions. The first one was dismissed without prejudice for lack of jurisdiction because Petitioner was not in custody, as he had not yet begun to serve his sentence. *See Smith v. Quarterman*, No. 3:07-cv-741-K (N.D. Tex. Oct. 2, 2007). His second federal petition was dismissed without prejudice because he had not exhausted his state court remedies. *See Smith v. Thaler*, No. 3:11-cv-3109-L (N.D. Tex. Dec. 19, 2012).

Respondent filed an answer to the habeas petition on May 21, 2013. The response initially notes that Petitioner's conviction became final on July 5, 2006, after the expiration of the ninety-day period for filing a petition for writ of certiorari with the Supreme Court after the denial of his petition for discretionary review by the Court of Criminal Appeals. (Resp. at 11); *see Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for writ of certiorari following the entry of judgment); SUP. CT. R. 13.3. Because July 5, 2006, is more than one year before Petitioner filed either his state habeas application in 2011 or this federal petition, it appears to be barred by the relevant statute of limitations. (Resp. at 11-12); *see* 28 U.S.C. § 2244(d). Respondent asserts, however, that because all of Petitioner's claims remain unexhausted, and there is a strong possibility that he will be granted an out-of-time appeal by the state court because he was not appointed counsel on direct appeal, his petition should be stayed until his claims are exhausted at the state level. (Resp. at 8-9, 14). Petitioner did not file a reply brief.

## II. STAY AND ABATEMENT

Petitioners seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 30; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may

satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2004); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

When a petitioner fails to exhaust his claims in state court, a federal court has the discretion to either stay and abate or dismiss the action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). In *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered timely, thereby statutorily tolling the AEDPA one-year time limit. *Id*. It found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines*. *Id*.

Notably, federal courts do not have jurisdiction over § 2254 petitions unless the petitioner is in custody at the time the petition is filed. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Here, Petitioner has already been released from prison. If his habeas petition is dismissed for failure to exhaust, the federal court may therefore not have jurisdiction over any future federal habeas petition challenging his conviction, unless he is on parole. *Jones v. Cunningham*, 371 U.S. 236 (1963) (holding that, while actual physical confinement is not required to meet the custody

3

requirement, there must be some restraint on the liberty of a person). In addition, Petitioner's federal petition appears barred by the relevant statute of limitations absent equitable tolling, and he has presented no evidence or argument in support of equitable tolling. If he is granted an out-of-time appeal by the state courts because he was not appointed counsel on direct appeal, however, his conviction would no longer be considered a final conviction, and the statute of limitations for federal habeas petitions would then be reset. *See Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009). In *Jiminez*, the Supreme Court expressly narrowed the applicability of its opinion to cases where an inmate's petition was filed after he was granted an out-of-time appeal. *Id*. If Petitioner's federal habeas petition is held to be time-barred at this stage, it appears from the language in *Jiminez* that he might lose his ability to later challenge his conviction in federal court, even if granted an out-of-time appeal at the state level.[3] Because good cause has been shown for the failure to exhaust, and because Petitioner has potentially meritorious claims that remain unexhausted, the most equitable course of action is to stay this action until his state court remedies are exhausted. Therefore, this habeas petition should be stayed to permit Petitioner to exhaust his state court remedies.

### III. RECOMMENDATION

The federal habeas petition should be **STAYED**, and the Clerk of the Court should be directed to mark this action CLOSED for statistical purposes. The Court should retain jurisdiction to reopen the case on a motion filed within thirty days after the Court of Criminal Appeals has ruled on Petitioner's state writ.

---

[3] The federal courts may not have jurisdiction over a second federal petition filed at a later date if Petitioner is not in custody at that point. If this federal petition is abated, and if Petitioner is not granted relief at the state habeas level, he may seek to re-open this case and argue either that equitable tolling is warranted or that the statute of limitations should not be a bar to consideration of his claims. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (holding that a claim of actual innocence can overcome the habeas statute of limitations).

**SIGNED this 7th day of March, 2014.**

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE