**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY SMITH,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:13-CV-0092-L (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Motion to Reconsider*, received on June 24, 2014 (doc. 22).  Based on the relevant findings and applicable law, the motion should be denied.

**I.  BACKGROUND**

On January 8, 2013, Henry Smith (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 state court conviction for possession of a controlled substance in Kaufman County, for which he was sentenced to twenty-four months' confinement. (Petition "Pet." at 2.)[1]  Petitioner acknowledged in his federal petition that he has a pending state habeas application, filed on April 15, 2011, that has still not been ruled on by the trial court or the Texas Court of Criminal Appeals.  (Pet. at 4.)  The website for the Texas Court of Criminal Appeals reflects that, as of the date of this recommendation, it has still not yet decided any state writ

---

[1]  Petitioner was incarcerated at the time he filed this habeas petition. (Pet. at 1). He was released from custody a few weeks later. (*See* doc. 5).

1

challenging this conviction. (*See* www.cca.courts.state.tx.us, search for petitioner.)[2]

Respondent filed an answer to the habeas petition on May 21, 2013. Respondent initially noted that Petitioner's conviction became final on July 5, 2006, after the expiration of the ninety-day period for filing a petition for writ of certiorari with the Supreme Court following the denial of his petition for discretionary review by the Court of Criminal Appeals. (Resp. at 11); *see Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for writ of certiorari following the entry of judgment); SUP. CT. R. 13.3. Because July 5, 2006, is more than one year before Petitioner filed either his state habeas application in 2011 or this federal petition, it appears to be barred by the relevant statute of limitations. (Resp. at 11-12); *see* 28 U.S.C. § 2244(d). Respondent asserted that because all of Petitioner's claims remain unexhausted, and there is a strong possibility that he will be granted an out-of-time appeal by the state court because he was not appointed counsel on direct appeal, his petition should be stayed until his claims are exhausted at the state level. (Resp. at 8-9, 14.)

On March 7, 2014, this Court entered findings recommending that Petitioner's federal petition be stayed because good cause had been shown for the failure to exhaust, because potentially meritorious claims had been presented, and because it may not have jurisdiction over any future federal petition he may file challenging this conviction if his current federal petition is dismissed

---

[2] Petitioner has filed two previous federal habeas petitions. The first one was dismissed without prejudice for lack of jurisdiction because Petitioner was not in custody, as he had not yet begun to serve his sentence. *See Smith v. Quarterman*, No. 3:07-cv-741-K (N.D. Tex. Oct. 2, 2007). His second federal petition was dismissed without prejudice because he had not exhausted his state court remedies. *See Smith v. Thaler*, No. 3:11-cv-3109-L (N.D. Tex. Dec. 19, 2012).

for failure to exhaust because he is no longer in custody.  (*See* doc. 20.)  Petitioner filed no objections to these findings and recommendation.  On May 27, 2014, the court adopted the findings and recommendation, administratively closed the case, and instructed Petitioner to file a motion seeking to reopen it within thirty days after the Texas Court of Criminal Appeals ruled on his state writ.  (*See* doc. 21.)

Petitioner now seeks reconsideration of the order closing this case pending exhaustion of his state remedies.  He raises several objections to the findings and claims that he should have received a hearing because he has not been provided a hearing at the state level.  (*See* doc. 22.)

## II. ANALYSIS

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba.*".  *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994).  Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b).  *Id.*  Where a motion challenges an interlocutory order, it is considered under Rule 54(b).  *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  A ruling should only be reconsidered where the moving party presents substantial reasons for requesting reconsideration.  *Baustian v. Louisiana,* 929 F.Supp. 980, 981 (E.D. La.1996); *Louisiana v. Sprint Communications Co.*, 899 F.Supp. 282, 284 (M.D.La.1995).

Whether to grant a motion to reconsider rests within the discretion of the court. *Dos Santos v. Bell Helicopter Textron, Inc. Dist*, 651 F.Supp.2d 550, 553 (N.D.Tex. 2009).

In determining a motion for reconsideration under Rule 54(b), some courts have looked to the standards of Rule 59(e). *SGC Land, LLC v. Louisiana Midstream Gas Serv.*, 939 F. Supp. 2d 612 (W.D. La. 2013). To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).[3]

Here, Petitioner has presented no change in the law, new evidence, or any manifest error of law or fact. As for his argument that he is entitled to a hearing, Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." It has

---

[3] Because the standard is the same regardless of whether Petitioner's motion is liberally construed as arising under Rule 54(b) or 59(e), the Court need not determine which rule governs the challenge to the order administratively closing the case.

been determined that Petitioner's federal petition contains unexhausted claims and is therefore subject to dismissal.  To provide him an opportunity to pursue his federal claims, the Court administratively closed the case pending exhaustion rather than dismissing it.  He has not demonstrated that a hearing is warranted at this point.  Should he re-open his case after exhaustion, the Court will determine whether an evidentiary hearing is warranted at that time.

## III.  RECOMMENDATION

Petitioner's *Motion to Reconsider* should be **DENIED**.

**SIGNED on this 30th day of June, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5