IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **HENRY SMITH,** § | |
| § | |
| Petitioner, § | |
| v.  § | Civil Action No. **3:13-CV-0092-L** |
| § | |
| **WILLIAMS STEPHENS**, Director, Texas § | |
| **Dept. of Criminal Justice, Correctional** § | |
| **Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Petitioner Henry Smith's ("Petitioner") Motion to Reconsider (Doc. 22), filed June 24, 2014. On January 8, 2013, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 state court conviction. On March 7, 2014, Magistrate Judge Irma C. Ramirez entered Findings, Conclusions and Recommendation of the United States Magistrate Judge, recommending that Petitioner's federal petition be stayed until he exhausted his state court remedies. No objections were filed. On May 27, 2014, the court accepted the magistrate judge's recommendations. Instead of staying the case, the court directed the clerk of the court to administratively close the case. The court stated that after Petitioner exhausted his state court remedies, he should move within 30 days to reopen the case after the Court of Criminal Appeals ruled on his state writ. On June 24, 2014, Petitioner filed his Motion to Reconsider, which is now before the court.

On June 30, 2014, Magistrate Judge Ramirez entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court

deny Petitioner's Motion to Reconsider. On July 17, 2014, Petitioner filed objections, stating that the Report was nonresponsive and conclusory.

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court **determines** that the findings and conclusions are correct and **accepts** them as those of the court. The court therefore **denies** Petitioner's Motion to Reconsider. Further, the court **overrules** Petitioner's objections. **Petitioner shall follow the instructions given by the court in its May 27, 2014 order. If he fails to follow the instructions, the court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 28th day of July, 2014.

                                               Sam A. Lindsay
                                               United States District Judge